## OLHAWA v. BOSTER.

CANCELLATION OF INSTRUMENTS—DEEDS—CONSIDERATION.

In a suit by a father and mother against their daughter and her husband for the cancellation of a deed to a farm, the finding of the court below that the consideration for the deed was as claimed by defendants, viz., that they were to assume and pay the debts of plaintiffs, provide a home for them for the rest of their lives, and in case they could not get along together plaintiffs should be paid $2,000 and leave the farm, *held*, justified by the record.

Appeal from Ottawa; Cross (Orien S.), J. Submitted October 12, 1922.   (Docket No. 95.)   Decided December 5, 1922.

Bill by John Olhawa and another against Joe Boster and another to set aside a deed.   From a decree for defendants, plaintiffs appeal.   Affirmed.

*Charles E. Misner* (*Roman F. Glocheski,* of counsel), for plaintiffs.

*Louis H. Osterhous,* for defendants.

WIEST, J.   This is a suit by plaintiffs, who are husband and wife, against their son-in-law and daughter, to set aside a deed to a 40-acre farm in Ottawa county, executed and delivered by plaintiffs to Joe Boster on July 8, 1918.   Plaintiffs claim the deed was executed in pursuance of an agreement under which Joe Boster was to pay them $2,500 in cash; and that upon obtaining the deed Mr. Boster refused to make payment and claimed to own the farm.   Defendants claim that the consideration for the deed, including the personal property on the farm, was Mr. Boster's agreement to assume and pay the debts then owing by plaintiffs and to provide them with a home and support the rest of their lives, and in case they could not get along together, plaintiffs should be paid $2,000 and leave the farm.

At the hearing plaintiffs claimed they were to have $2,500 in cash and also their home on the farm and support for life.   The learned circuit judge found that the consideration for the deed was the agreement claimed by defendants, decreed that defendants pay plaintiffs $2,000, less a share in the proceeds from the farm during the season of 1921, and made such payment a lien on the farm.   Plaintiffs have appealed and insist the deed should be set aside.   We have care-

fully read the record and find ourselves in accord with the conclusion reached by the circuit judge.

Plaintiffs claim they paid $1,800 for the farm in 1913, built a barn thereon, repaired the house, removed stumps and by cultivation materially improved the place. The farm was poor soil and yielded less than the bare necessities of life and to exist plaintiffs had to run in debt to a small extent. The place was subject to a mortgage of $400, which Mr. Boster assumed. Mr. Boster and his wife worked some in Chicago and earned money with which to pay plaintiff's debts, the interest on the mortgage and the cost of improvements upon the buildings.

Trouble arose between the parties and defendants, by advice of counsel, left the farm upon the commencement of this suit in May, 1921. Since that time plaintiffs have had the proceeds from the farm. Defendants aver they are willing to pay the $2,000 as they agreed, and claim they have paid the debts of plaintiffs. Considering the character of the soil, condition of the buildings, the quantity of tillable land and the livestock and farm implements at the time the deed was executed, the farm, livestock and implements were worth about $2,500.

We are persuaded, as was the circuit judge, that:

"It is not reasonable to believe that defendants would agree to pay the full value of the property and then further agree to give plaintiffs a home for life."

We are satisfied the consideration was to provide a home for plaintiffs and support them as long as they lived, to pay their debts, and, if trouble arose, plaintiffs should leave the farm and be paid $2,000.

The decree is affirmed, with costs to defendants.

FELLOWS, C. J., and MCDONALD, CLARK, BIRD, SHARPE, and STEERE, JJ., concurred. MOORE, J., did not sit.